UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK G. FATUM,

        Plaintiff,                              Case No: 1:10-cv-302

v                                               HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
                                         /

**OPINION AND ORDER**

      Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 15), recommending that this Court reverse the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, and remand this matter for further factual findings. The matter is presently before the Court on Defendant's objections to the Report and Recommendation (Dkt 17). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

      Defendant argues that the Court should not adopt the Report and Recommendation because the ALJ arguably accounted for Plaintiff's visual impairment in the residual functional capacity (RFC) assessment and, furthermore, any error by the ALJ in identifying the date Plaintiff was last insured for benefits was harmless.

The Magistrate Judge concluded that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to account for Plaintiff's visual impairment, which the ALJ identified as a severe impairment that caused significant limitation in Plaintiff's ability to perform basic work activities (Objs. at 2; R & R at 14-15; Tr. 10-11). There is no dispute that the ALJ failed to expressly account for the visual impairment. Defendant contends, however, that ALJ "arguably included a limitation in the RFC that accounted for Plaintiff's vision problems" (Objs. at 2) because the ALJ stated that Plaintiff "cannot work around machinery or unprotected heights" (Tr. 11). Defendant further argues that Plaintiff's visual impairment had existed since before he allegedly became disabled, and apparently did not cause significant limitations in his ability to perform jobs.

Defendant's argument is without merit. The Magistrate Judge properly found that the ALJ failed to account for the visual impairment and, consequently, the vocational expert's testimony was premised on a faulty RFC determination (R & R at 14-15). Defendant's attempt to account for the visual impairment in hindsight, by the ALJ's reference to a machinery and unprotected heights limitation, is based on nothing more than speculation. Moreover, Defendant's further attempt to simply discount the significance of the visual impairment is unavailing since it is contrary to the ALJ's express findings.

Because, as Defendant concedes, Plaintiff's last date insured could become relevant on remand, the alleged error in the ALJ's calculation of the date is not harmless (Objs. at 4). The Magistrate Judge properly concluded that the ALJ's calculation of Plaintiff's date last insured is not supported by substantial evidence. On remand, the Commissioner shall properly calculate Plaintiff's date last insured (R & R at 16).

Defendant's objections are denied.

**IT IS HEREBY ORDERED** that the objections (Dkt 17) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 15) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is REVERSED AND REMANDED for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

A Judgment will be entered consistent with this Opinion and Order.


Dated: March  6 , 2012   /s/ Janet T. Neff
JANET T. NEFF
United States District Judge